BRANCART & BRANCART
  Elizabeth Brancart (SBN 122092)
  ebrancart@brancart.com
  Christopher Brancart (SBN 128475)
  cbrancart@brancart.com
P.O. Box 686
Pescadero, CA 94060
Tel:  (650) 879-0141
Fax:  (650) 879-1103

Attorneys for Plaintiffs

ORIGINAL FILED

MAY 2 8 2013

Richard W. Wieking
Clerk, U.S. District Court
Northern District of California
San Jose

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

LINCOLN JONES, JR. and
MUYESSER NILE JONES,
individually and as trustees of
the Lincoln and M. Nile Jones
Revocable Trust; and
PROJECT SENTINEL, INC.,

　　　Plaintiffs,

　　vs.

TRAVELERS CASUALTY
INSURANCE COMPANY
OF AMERICA,

　　　Defendant.

Case No. CV 13-02390

COMPLAINT

## I. INTRODUCTION

1.　Plaintiffs Lincoln Jones, Jr. and Muyesser Nile Jones, local landlords, and Project Sentinel, Inc., a local fair housing agency, sue defendant Travelers Casualty Insurance Company of America for refusing to insure the dwellings owned by landlords who rent to tenants using Section 8 vouchers to help pay their rent. Plaintiffs claim that Travelers' refusal to insure has a discriminatory effect on persons on the basis of sex, race, disability, familial status and age, making housing otherwise unavailable and interfering with the fair housing rights of landlords and their current and potential Section 8 tenants in violation of the

COMPLAINT

1  federal Fair Housing Act and California Fair Employment and Housing Act.

2  ## II. JURISDICTION AND VENUE

3      2.    Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331

4  in that the claims alleged herein arise under the laws of the United States.  The

5  Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and

6  determine plaintiffs' state claims because those claims are related to plaintiffs'

7  federal law claims and arise out of a common nucleus of related facts.  Plaintiffs'

8  state law claims are related to plaintiffs' federal law claims such that those claims

9  form part of the same case or controversy under Article III of the United States

10  Constitution.

11      3.    Venue is proper pursuant to 28 U.S.C. § 1391(b) in that the claims

12  alleged herein arose within Santa Clara County, California.

13  ## III. INTRADISTRICT ASSIGNMENT

14      4.    Assignment to the San Jose Division is proper pursuant to Local Rule

15  3-2 because the action arose in Santa Clara County.

16  ## IV. PARTIES

17      5.    Plaintiffs Lincoln Jones, Jr. and Muyesser Nile Jones, a married

18  couple, own and operate two small apartment buildings located in San Jose,

19  California, which they hold in the name of the Lincoln and M. Nile Jones

20  Revocable Trust.  Mr. and Mrs. Jones are the trustees and trustors of that trust.

21      6.    Plaintiff Project Sentinel, Inc. is  a nonprofit corporation with a

22  mission of fostering diversity and equal opportunity in housing.  It has several

23  offices in Northern California and is headquartered in Santa Clara, California.  It

24  provides fair housing services, among other things, throughout Santa Clara

25  County.  One of its specific purposes and goals is the elimination of all forms of

26  illegal housing discrimination.  To this end, Project Sentinel's activities include,

27  but are not limited to: (1) investigating allegations of discrimination; (2)

28  conducting tests of housing facilities to determine whether equal opportunity in

COMPLAINT

housing is provided; (3) taking such steps as it deems necessary to assure such equal opportunity and to counteract and eliminate discriminatory housing practices; and, (4) providing outreach and education to the community regarding fair housing.

7.     Travelers Casualty Insurance Company of America ("Travelers") is an insurance company authorized to do business in California.

## V. FACTS

### A. THE SECTION 8 PROGRAM

8.     The Housing Choice Voucher Program (hereinafter referred to as "Section 8") is the federal government's largest program for assisting very low-income families, the elderly, and the disabled to afford decent, safe, and sanitary housing in the private market.  Under that program, local public housing authorities ("PHAs") receive federal funds from the United States Department of Housing and Urban Development to issue Section 8 vouchers to qualified persons and administer the program.  The recipient of the Section 8 voucher is free to choose any housing that meets the requirements of the program, including apartments, townhouses and single-family homes, and is not limited to units located in subsidized housing projects.

9.     When a person or family is issued a Section 8 voucher, they are responsible for finding a suitable dwelling of their choice where the owner agrees to rent under the Section 8 program.  Rental dwellings must meet minimum standards of health and safety, as determined by the PHA.  Once the PHA approves a dwelling, the voucher holder and the landlord sign a lease and, at the same time, the landlord and the PHA sign a housing assistance payments contract that runs for the same term as the lease.

10.     The PHA pays the Section 8 housing subsidy to the landlord directly on behalf of the voucher holder.  The voucher holder is then responsible for paying the difference between the actual rent charged by the landlord and the

COMPLAINT

1    amount subsidized by the Section 8 program.

2                    **B.  THE CODY WAY APARTMENTS**

3            11.    Since the 1980s, plaintiffs Lincoln and Muyesser Jones have owned

4    two apartment buildings located in San Jose, California – a ten-unit building

5    located at 1883 Cody Way and a seven-unit building located at 1895 Cody Way

6    (hereinafter referred to as the "Cody Way apartments").

7            12.    For more than a decade, Mr. and Mrs. Jones have rented dwellings at

8    the Cody Way apartments to persons who utilize Section 8 vouchers to help make

9    their rental payments.  In each instance, Mr. and Mrs. Jones have entered into

10   housing assistance payments contracts with the Housing Authority of the County

11   of Santa Clara, the local PHA serving San Jose and Santa Clara County.  For Mr.

12   and Mrs. Jones, the Section 8 program is an important source of tenants and steady

13   revenue.

14           13.    At all times since they have owned and operated the Cody Way

15   apartments, Mr. and Mrs. Jones have maintained policies of property and liability

16   insurance on both properties.  Property insurance is required as a condition for

17   their mortgage loans on the Cody Way apartments.  Before purchasing insurance

18   from Travelers, Mr. and Mrs. Jones had insured the Cody Way apartments with the

19   same insurance company for almost ten years.  During that period of time, they

20   never made or had a claim made under their policies.

21           14.    Prior to the expiration of their existing insurance policies in February

22   2012, an insurance broker solicited Mr. and Mrs. Jones, suggesting that they could

23   obtain lower premiums for the Cody Way apartments with another insurance

24   company.  In response, Mr. and Mrs. Jones switched insurers, purchasing policies

25   on both of the Cody Way properties for the policy period from February 1, 2012 to

26   February 1, 2013, from Travelers.  The policies included property and liability

27   coverage.

28           15.    In August 2012, a visitor to a resident of one of the Cody Way

COMPLAINT

1  apartments units slipped and fell on the stairs.  Upon learning of the incident, Mrs.

2  Jones notified Travelers of the possibility of a claim, although no claim was

3  ultimately made by the visitor.  In the course of investigating the possible claim,

4  Travelers became aware that Mr. and Mrs. Jones had Section 8 tenants renting at

5  the Cody Way apartments.

6       16.    On November 16, 2012, Travelers notified Mr. and Mrs. Jones that

7  Travelers would not be renewing the policies for the Cody Way apartments.

8  Travelers' stated reason for non-renewal was that the Cody Way apartments had

9  Section 8 tenants.  The non-renewal was effective February 1, 2013.  Travelers'

10  decision to cancel the insurance on the Cody Way apartments based solely on the

11  presence of their Section 8 tenants surprised and upset Mr. and Mrs. Jones.

12       17.    In December 2012, Mr. and Mrs. Jones received notice from their

13  mortgage company notifying them that it had received notice that the insurance

14  policies on the Cody Way apartments had been cancelled or not renewed.  The

15  mortgage company advised Mr. and Mrs. Jones that they were required to have

16  insurance on the properties as a condition for their mortgage loans.

17       18.    Mrs. Jones immediately began searching for replacement insurance

18  coverage.  She encountered difficulty finding replacement insurance and, as

19  Travelers' cancellation deadline drew closer, Mrs. Jones became increasingly

20  anxious that she would be unable to find affordable replacement insurance.  Mrs.

21  Jones finally was able to secure replacement insurance in February 2013, though

22  the premiums were more expensive than those paid under their cancelled Travelers

23  policies.

24                    **C. PLAINTIFFS CONTACT PROJECT SENTINEL**

25       19.    On December 14, 2012, Mrs. Jones contacted Project Sentinel

26  concerning Travelers' cancellation of the insurance on the Cody Way apartments

27  because of occupancy by Section 8 tenants.  Project Sentinel investigated Mrs.

28  Jones' complaint and counseled her regarding her fair housing rights.  Project

COMPLAINT

Sentinel engaged in education and outreach efforts, including mailing letters and informational flyers to PHAs, local landlords and apartment owner organizations throughout California, alerting them to the fair housing issues related to Travelers' refusal to insure buildings with Section 8 tenants.  In those mailings, Project Sentinel described the disparate impact Travelers' policy has on persons protected under the Fair Housing Act and urged the recipients to contact the state insurance commissioner to help stop the practice.

## D. DISCRIMINATORY IMPACT

20.     Travelers engages in a pattern or practice of discrimination in violation of the federal and state fair housing laws.  Travelers' discriminatory housing practices include, but are not limited to, the following:

    a.     Refusing to provide property or hazard insurance for dwellings because of race, sex, disability, familial status and age;

    b.     Providing property or hazard insurance services differently because of race, sex, disability, familial status and age;

    c.     Refusing to provide property or hazard insurance for dwellings because of the disability of persons intending to reside in those dwellings;

    d.     Coercing persons, either orally, in writing, or by other means, to deny or limit the benefits provided by that person in connection with the rental of a dwelling because of race, sex, disability, familial status and age;

    e.     Threatening or interfering with persons on account of their having aided or encouraged other persons to exercise or enjoy rights protected under the fair housing laws;

    f.     Following a practice or policy that has a discriminatory effect by actually or predictably resulting in a disparate impact on persons on the basis of race, sex, disability, familial status and age; and,

    g.     Following a practice or policy that creates, increases, reinforces or perpetuates segregated housing patterns because of race, sex, disability,

COMPLAINT

familial status and age.

21.     The persons injured by Travelers' refusal to insure landlords who rent to persons using Section 8 vouchers include the landlords who already rent or seek to rent to persons using Section 8 vouchers as well as the Section 8 renters and rental applicants themselves.

22.     Travelers' practices actually or predictably result in a disparate impact on persons in classes protected by the fair housing laws, or create, increase, reinforce or perpetuate segregated housing patterns because of race, sex, disability, familial status and age.

23.     For example, the group of persons who use Section 8 vouchers to help pay their rent in Santa Clara County are:

- Five times more likely to be a female headed household as compared to all renter households in Santa Clara County;
- Three times more likely to be a black headed household as compared to all renter households in Santa Clara County;
- Three times more likely to be headed by a householder over age 60 as compared to all renter households in Santa Clara County;
- Two times more likely to be a household with at least one member with a disability as compared to all households in Santa Clara County; and,
- Five times more likely to be a female headed household with children as compared to all households in Santa Clara County.

24.     The group of persons who use Section 8 vouchers to help pay their rent in California are:

- Five times more likely to be a female headed household as compared to all renter households in California;
- Three times more likely to be a black headed household as compared to all renter households in California;
- Two times more likely to be headed by a householder over age 60 as

COMPLAINT

1  compared to all renter households in California;

2  •      Almost two times more likely to be a household with at least one
3  member with a disability as compared to all households in California; and,

4  •      Five times more likely to be a female headed household with children
5  as compared to all households in California.

6  25.    As a result, Travelers' policy or practice actually or predictably
7  results in a significantly disproportionate impact on the basis of sex, race,
8  disability, familial status and age on persons seeking to utilize Section 8 vouchers,
9  making housing unavailable and interfering with the ability of landlords, including
10  Mr. and Mrs. Jones, to offer housing opportunities to tenants and applicants
11  protected under the federal and state fair housing laws.

12                              **E. INJURIES**

13  26.    By reason of Travelers' discriminatory and unlawful practices,
14  Lincoln and Muyesser Jones have suffered and will in the future suffer injury,
15  including economic losses, inconvenience, anxiety, embarrassment, humiliation
16  and other emotional distress and violation of their civil rights.  Accordingly, Mr.
17  and Mrs. Jones are entitled to compensatory damages.

18  27.    In doing the acts of which plaintiffs complain, Travelers and its
19  agents and employees intentionally or recklessly violated Mr. and Mrs. Jones'
20  federally protected rights.  Accordingly, plaintiffs are entitled to punitive damages
21  under federal law.

22  28.    Travelers' discriminatory and unlawful practices have impaired and
23  frustrated Project Sentinel's mission to eliminate discriminatory housing practices
24  and assure equal housing opportunities, and have required Project Sentinel to
25  devote resources to identify and counteract Travelers' unlawful practices.  Project
26  Sentinel seeks declaratory and injunctive relief only to remedy its injuries caused
27  by Travelers' policies.

28  29.    There now exists an actual controversy between the parties regarding

COMPLAINT

Travelers' duties under federal and state fair housing laws.  Accordingly, plaintiffs are entitled to declaratory relief under federal and state law.

30.    Unless enjoined, Travelers and its agents or employees will continue to engage in the unlawful acts and the pattern or practice of discrimination described above.  Plaintiffs have no adequate remedy at law.  Plaintiffs are now suffering and will continue to suffer irreparable injury from Travelers' acts and the pattern or practice of discrimination unless relief is provided by this Court.  Accordingly, plaintiffs are entitled to injunctive relief under federal and state law.

## VI.  CLAIMS

### A.  FIRST CLAIM

### Violation of the Fair Housing Act

31.    Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

32.    Travelers injured plaintiffs by committing discriminatory housing practices in violation of the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.*

### B.  SECOND CLAIM

### Violation of the Fair Employment and Housing Act

33.    Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

34.    Travelers injured plaintiffs by committing unlawful practices in violation of the Fair Employment and Housing Act, California Government Code § 12900 *et seq.*

## VII.  RELIEF

WHEREFORE, plaintiffs pray for relief as follows:

1.    A declaration that Travelers' refusal to insure landlords who rent to tenants on the Section 8 program violates the Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.*, and the California Fair Employment and Housing Act, Government Code §§ 12900 *et seq.*;

COMPLAINT

9

2.     An order and judgment enjoining Travelers, its agents, employees, successors, and all other persons in active concert or participation with it from refusing to insure, or cancelling the insurance of, landlords on the ground that they rent to tenants in the Section 8 program;

3.     An order and judgment requiring Travelers, its agents, employees, successors, and all other persons in active concert or participation with it to develop and implement policies, practices, and procedures that do not discriminate against persons protected by the fair housing laws;

4.     An award of compensatory damages to plaintiffs Lincoln Jones and Muyesser Jones, according to proof;

5.     An award of punitive damages to plaintiffs Lincoln Jones and Muyesser Jones, according to proof;

6.     An award of attorneys' fees and costs; and,

7.     Such other and further relief as the Court may deem just and proper.

Dated:  May 23, 2013.

Respectfully submitted,

BRANCART & BRANCART

Elizabeth Brancart
Attorneys for Plaintiffs

COMPLAINT