**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LINCOLN JONES, JR., MUYESSER NILE JONES, individually and as trustees of the Lincoln and M. Nile Jones Revocable Trust, and PROJECT SENTINEL, INC.,<br><br>Plaintiffs,<br>v.<br><br>TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA,<br><br>Defendant. | Case No.: 13-CV-02390-LHK<br><br>ORDER DENYING MOTION TO STAY |

On July 24, 2013, Defendant Travelers Casualty Insurance Company of America ("Travelers") moved to stay the case brought by Plaintiffs Lincoln Jones, Jr. ("L. Jones"), Muyesser Nile Jones ("M.N. Jones") (collectively, "the Joneses"), and Project Sentinel, Inc. ("Project Sentinel") (collectively, "Plaintiffs"). ECF No. 11. On August 6, 2013, Plaintiffs filed a timely first amended complaint ("FAC"), and on August 7, 2013, Plaintiffs filed their opposition to Travelers' motion to stay. ECF Nos. 13, 14. Travelers filed its reply on August 14, 2013. Pursuant to Civil L.R. 7-1(b), the Court found oral argument unnecessary to resolve this motion. Having carefully considered the parties' papers, the Court DENIES Travelers' motion to stay.

I.    BACKGROUND

On May 28, 2013, Plaintiffs initiated this suit against Travelers and alleged violations of the Fair Housing Act, 42 U.S.C. §§ 3601 et seq. ("FHA") and violations of California's Fair

1

Case No.: 13-CV-2390-LHK
ORDER DENYING MOTION TO STAY

1   Employment and Housing Act, California Government Code §§ 12900 et seq. ("FEHA").  ECF No.
2   1.  Plaintiffs base their claims on Travelers' failure to renew a property insurance policy after
3   discovering that the Joneses rent apartments to tenants who participate in the Housing Choice
4   Voucher Program (commonly known as the "Section 8 program").  FAC ¶ 16.  According to
5   Plaintiffs, the Section 8 program aids low-income families, the elderly, and the disabled to afford
6   suitable housing by providing subsidies to landlords who participate in the program.  FAC ¶ 8.  The
7   Joneses, who own two multi-unit buildings located on Cody Way in San Jose, California (the
8   "Cody Way Properties"), have participated as landlords in the Section 8 program for more than a
9   decade.  FAC ¶ 12.

10   The Joneses obtained an insurance policy from Travelers for coverage from February 1,
11   2012 to February 1, 2013.  FAC ¶ 14; Answer ¶ 14.  Travelers first became aware that the Cody
12   Way Properties housed tenants in the Section 8 program in August 2012 when M.N. Jones reported
13   a slip-and-fall incident to Travelers.  FAC ¶ 15; Answer ¶ 15.  On November 16, 2012, Travelers
14   notified the Jones that it would not be renewing their policy effective February 1, 2013.  FAC ¶ 16;
15   Answer ¶ 16.  Because property insurance is required under their mortgage agreement, the Jones
16   acquired new insurance in February 2013.  FAC ¶ 18.  The Joneses allege the premiums were more
17   expensive than the rate paid to Travelers.  *Id.*

18   The Joneses approached Project Sentinel, which earlier had provided pamphlets about
19   Travelers' policy not to insure properties with Section 8 tenants.  FAC ¶ 19.  Project Sentinel
20   joined in the Joneses' suit against Travelers.  In the initial complaint, Plaintiffs asserted that
21   Travelers' refusal to insure properties with Section 8 tenants is "a pattern or practice of
22   discrimination in violation of the federal and state fair housing laws." Compl. at ¶ 20.  Plaintiffs
23   alleged that "Travelers' practices actually or predictably result in a disparate impact on persons in
24   classes protected by the fair housing laws, or create, increase, reinforce or perpetuate segregated
25   housing patters because of race, sex, disability, familial status and age." Compl. at ¶ 22.

26   On July 24, 2013, Travelers moved to stay the case pending the Supreme Court's decision
27   in *Township of Mount Holly, N.J. v. Mt. Holly Gardens Citizens in Action, Inc.*, 133 S. Ct. 2824
28   (2013).  The Supreme Court granted certiorari on the question of whether disparate impact claims

2

Case No.: 13-CV-2390-LHK
ORDER DENYING MOTION TO STAY

are cognizable under the FHA. *Mount Holly*, 133 S. Ct. at 2824; Pet. Writ Cert., No. 11-1507, 2012 WL 2151511, at *i (June 11, 2012). Travelers asserted that Plaintiffs' claims likewise arise from a disparate impact claim under the FHA and so the case should be stayed. In response, Plaintiffs filed an amended complaint in which Plaintiffs add diversity as a ground for this Court's jurisdiction and add factual allegations that Travelers engages in discriminatory treatment "based on perceptions of Section 8 voucher holders as minority, female-headed households and the associated negative stereotypes that such households are likely to cause damage to property and engage in criminal activity." FAC ¶¶ 2, 27. Relying on the FAC, Plaintiffs then filed an opposition to the motion on August 7, 2013. ECF No. 14. As noted, Travelers filed its reply on August 14, 2013.

## II.   LEGAL STANDARDS

Under *Landis v. North American Co.*, 299 U.S. 248 (1936), the Court has "discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). "This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Id.*

"Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *see also Lockyer*, 398 F.3d at 1110 (applying *CMAX* standard). "Among these competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX*, 300 F.2d at 268. The moving party "must make out a clear case of hardship or inequity in being required to go forward,

if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Id.* (quoting *Landis*, 299 U.S. at 255).

### III. DISCUSSION

#### A. Effect on the Case

Travelers argues that the Supreme Court's decision in *Mount Holly* directly impacts this case, so a stay is warranted. The Court disagrees. *Mount Holly* speaks only to Plaintiffs' disparate impact claim under the FHA. In the FAC, however, Plaintiffs also allege direct discrimination under the FEHA and FHA and disparate treatment under the FEHA. FAC ¶¶ 26-29, 38-39. Plaintiffs further assert that this Court has diversity jurisdiction over the FEHA claims. FAC ¶ 2. Even if the Supreme Court ultimately determines that disparate impact is not a cognizable claim under the FHA, Plaintiffs still have three other theories to pursue in this Court. The Court thus finds that a stay pending the outcome of *Mount Holly* does not aid in streamlining the case or helping the Court manage its docket. This factor weighs against granting Travelers' request.

#### B. Harm to the Plaintiffs

Plaintiffs assert that damage will result if the case is stayed. Opp. at 6. Plaintiffs highlight their request for injunctive relief against Travelers to prevent it from executing its policy not to insure properties with Section 8 participants as tenants. Opp. at 6. Travelers responds that Plaintiffs' prayer for injunctive relief is unavailing because Plaintiffs fail to complain of future harm if a stay is granted. Reply at 4. Travelers further asserts that because this case is not a class action, Plaintiffs' allegations about injuries to "other landlords" are not future harm that warrants denying a stay in this case. *Id.*

The Court finds that Plaintiffs have established a fair possibility that irreparable harm is likely to result if a stay is imposed. Plaintiffs' allegations, if true, suggest that Travelers employs a policy that directly discriminates against or indirectly impacts groups protected under the FHA and the FEHA. Delaying Plaintiffs' ability to establish liability on those claims and to prevent Travelers from continuing that policy would injure not only the Joneses but also Project Sentinel and the persons for whom it advocates. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379 (1981) (holding nonprofit organization had standing under FHA where it alleged discriminatory

4

practices caused frustration of its purposes and expense of its resources); *Fair Housing of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002) (same).

Accordingly, this factor also counsels against granting a stay.

### C.  Harm to Travelers

Because Plaintiffs have established a "fair possibility" of irreparable harm, Travelers must show "clear case of hardship or inequity" if forced to proceed with the case. *Landis*, 299 U.S. at 255. Travelers contends that it would suffer hardship by having to litigate the case while the Supreme Court considers *Mount Holly*. Mot. at 7-8. The Court disagrees. It is true that the Ninth Circuit's current case law provides for a disparate impact claim under the FHA, *see Ojo v. Farmers Group Inc.*, 600 F.3d 1205 (9th Cir. 2010), and the Supreme Court's decision in *Mount Holly* may overrule that case law. However, even if the Supreme Court ultimately determines that disparate impact is not cognizable as a claim under the FHA, Plaintiffs' disparate impact claim remains viable under the FEHA. *See Sisemore v. Master Fin.*, 151 Cal. App. 4th 1386, 1423 (2007). The discovery between the two claims likely overlaps and even may be identical. Furthermore, the cost of having to move forward in litigation absent the requested stay is insufficient to justify a stay. *Landis*, 398 F.3d at 1112. Travelers has not established that inequity will result if no stay is entered, and so this third factor also weighs against a stay.

### IV.  CONCLUSION

Because the Court finds that the three *Landis* factors all weigh against granting a stay in this case, the Court DENIES Travelers' request. The parties currently are scheduled to appear for a case management conference on September 18, 2013 at 2:00 p.m. They shall file a joint case management statement no later than September 11, 2013.

**IT IS SO ORDERED.**

Dated:  August 22, 2013

_____
LUCY H. KOH
United States District Judge