UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LINCOLN JONES, JR., et al., | Case No. 5:13-cv-02390-LHK-PSG |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL** |
| v. | |
| TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, | **(Re: Docket No. 34)** |
| Defendant. | |

Before the court is Plaintiffs Lincoln Jones, Jr., Muyesser Nile Jones and Project Sentinel, Inc.'s motion to compel production of unredacted documents and underlying files related to non-party insured landlords.[1] Defendant Travelers Casualty Insurance Company of America opposes. The parties appeared for a hearing this morning.[2] After considering the arguments, the court GRANTS Plaintiffs' motion, as explained below.

---

[1] *See* Docket No. 34.

[2] *See* Docket No. 54.

Case No. 5:13-cv-02390-LHK-PSG
ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL

1

## I. BACKGROUND

Plaintiffs own and operate two small apartment buildings located on the same block – Cody Way – in San Jose, California.[3] Plaintiffs insure the Cody Way apartments, as required by their mortgage lender.[4] Their tenants include participants in the Housing Choice Voucher Program ("Section 8") operated by the Housing Authority of the County of Santa Clara.[5] In February 2012, Plaintiff Muyesser Jones purchased an "Apartment Pac" property and liability policy for the Cody Way apartments from Travelers.[6] In August 2012, a visitor to the Cody Way apartments slipped and fell and Mrs. Jones notified Travelers of a potential claim.[7] While investigating that potential claim, Travelers learned that the Joneses rented the Cody Way apartments to Section 8 tenants.[8] On November 16, 2012, Travelers notified the Joneses that Travelers would not renew its policy for the Cody Way apartments effective February 1, 2013.[9] The Joneses obtained replacement insurance with premiums above than the non-renewed Travelers policy.[10]

---

[3] *See* Docket No. 13 at ¶ 11.

[4] *See id.* at ¶ 13.

[5] *See id.* at ¶ 12.

[6] *See id.* at ¶ 12.

[7] *See id.* at ¶ 12.

[8] *See id.*

[9] *See* Docket No. 34-2, Ex. 1 at 1.

> During our investigation [of] your 8/22/2012 slip and fall liability claim, the underwriting department was advised that the property has section 8 tenants. Governmental subsidized housing is contrary to our underwriting guidelines and thus ineligible for our apartment program. As a result, we are non-renewing your policy effective 2/1/2013. Please contact your agent to arrange your insurance coverage after 2/1/2013.

[10] *See* Docket No. 13 at ¶ 18.

Plaintiffs bring claims for (1) violation of the federal Fair Housing Act ("FHA")[11] and (2) violation of California's Fair Employment and Housing Act ("FEHA").[12] Plaintiffs' prayer seeks equitable relief, attorney's fees and compensatory and punitive damages.[13]

## II. LEGAL STANDARDS

### A.     Motion to Compel

The Federal Rules of Civil Procedure provide parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."[14] "Once the moving party establishes that the information requested is within the scope of permissible discovery, the burden shifts to the party opposing discovery."[15] "An opposing party can meet its burden by demonstrating that the information is being sought to delay bringing the case to trial, to embarrass or harass, is irrelevant or privileged, or that the person seeking discovery fails to show need for the information."[16]

---

[11] *See* 42 U.S.C. § 3601.

[12] *See* Cal. Gov't Code § 12900.

[13] *See* Docket No. 13 at 11-12.

[14] Fed. R. Civ. P. 26(b)(1)

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

[15] *Khalilpour v. CELLCO P-ship*, Case No. 3:09-cv-02712-CW-MEJ, 2010 WL 1267749, at *1 (N.D. Cal. Apr. 1, 2010) (citing *Ellison v. Patterson-UTI Drilling*, Case No. V-08-cv-67, 2009 WL 3247193 at *2 (S.D. Tex. Sept. 23, 2009) ("Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, or unduly burdensome or oppressive, and thus should not be permitted.").

[16] *Id*. (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353 n.17 (1978) (noting that "discovery should be denied when a party's aim is to delay bringing a case to trial, or embarrass or harass the person from whom he seeks discover")).

### B. FHA and FEHA

The FHA and FEHA prohibit discrimination against "any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin."[17] FEHA also prohibits discrimination on the basis of age.[18] The Ninth Circuit applies Title VII-like discrimination analysis in examining FHA discrimination claims.[19] A plaintiff can establish an FHA discrimination claim under a theory of either disparate treatment or disparate impact.[20]

### III. DISCUSSION

Plaintiffs seek (1) unredacted documents revealing the identity of other landlords subject to the same Travelers' insurance practices and (2) files reflecting Travelers' treatment of similarly situated landlords who were subject to the same Travelers' insurance practices. Although Travelers argues that the names, addresses and underwriting files of non-party insureds have no relevance to the claims asserted by Plaintiffs – it is undisputed that subsidized, public or government-funded complexes are presumptively ineligible for Travelers' Apartment Pac policies – Travelers has the discretion to grant authority to agents on a case-by-case basis to underwrite insurance to apartment complexes with Section 8 tenants.[21] The requested discovery

---

[17] 42 U.S.C. § 3604(b); *see also* Cal. Gov't Code § 12955.

[18] *See* Cal. Gov't Code § 12955.

[19] *See Gamble v. City of Escondido*, 104 F.3d 300, 304 (9th Cir. 1997).

[20] *See id.* at 304-05.

[21] *See* Docket No. 18 at 4.

> Although apartment complexes that include Section 8 tenants are not automatically eligible under the Travelers/Express issuance process, they are not categorically ineligible for Apartment Pac policies. An agent can request an exception to the Apartment Pac underwriting guidelines. Travelers has discretion to grant agents authority on a case-by-case basis. If Travelers determines that a complex containing Section 8 tenants may be an acceptable risk for Apartment Pac, it can extend authority to the agent to submit the on-line application. Alternatively, if the property does not appear to be an acceptable risk for Apartment Pac, the agent would still be free to submit an application for a different Travelers product, other than Apartment Pac.

4
Case No. 5:13-cv-02390-LHK-PSG
ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL

will probe the circumstances in which Travelers exercised that discretion in the context of Section 8 housing applications.[22]  In particular, the discovery may shed light on whether decisions were driven "based in large part on stereotypes unsupported by objective fact" running afoul of federal and California law.[23]

The fact that Travelers has already identified numerous situations in which it non-renewed, investigated or refused to insure landlords with Section 8 or other subsidized tenants distinguishes this case from *Dawson v. New Life Cmty. Servs., Inc.*[24]  In *Dawson*, this court refused to compel the defendant to provide discovery regarding witnesses to other "similar" events because there was no evidence that any "similar" events had occurred.[25]

In addition, the fact that this action is brought by two individuals and a non-profit organization rather than on behalf of a class or by a government agency does not limit plaintiffs' right to broad discovery.  For example, in *Dunn v. Midwestern Indem.*, a Dayton, Ohio couple sued several insurance companies after they were denied homeowners insurance, alleging that the denial was the result of unlawful redlining on the basis of race in violation of the FHA.[26]  The insurers objected to the plaintiffs' request for the production of computer tapes containing information about past and present policy holders in the Dayton area, characterizing it as "class action-type

---

[22] *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2554 (2011) (recognizing "that, 'in appropriate cases,' giving discretion to lower-level supervisors can be the basis of Title VII liability under a disparate-impact theory—since 'an employer's undisciplined system of subjective decisionmaking [can have] precisely the same effects as a system pervaded by impermissible'" intentional discrimination) (quoting *Watson v. Fort Worth Bank & Trust*, 487 U.S. 977, 990-91 (1988)).

[23] *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610-11 (1993).

[24] Case No. 5:13-cv-0881-PSG, 2013 WL 6512052 (N.D. Cal. Dec. 12, 2013).

[25] *Id.* at *2.

> The problem with Dawson's requests is that they are supported by no evidence, or even allegations, suggesting that any such similar incidents exist.  Without support, her search for similar incidents constitutes no more than a fishing expedition.  In light of the burden that a more fulsome response to the interrogatories could impose on the employees in question, the court is unwilling to permit such an expedition.

[26]  88 F.R.D. 191, 192-93, 196 (S.D. Ohio 1980).

5
Case No. 5:13-cv-02390-LHK-PSG
ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL

discovery."[27] The district court rejected the insurers' arguments, concluding that the plaintiffs, acting as private attorneys general, were entitled to information with respect to transactions similar to theirs to show a pattern of discrimination.[28]

Finally, Travelers has not offered any significant evidence that the requested discovery would impose any undue burden.

In sum, because the information sought is discoverable within the ambit of Rule 26 and not, on balance, overly burdensome to produce, it shall be produced.[29] Responsive documents shall be produced within fourteen days of this order.

**IT IS SO ORDERED.**

Dated: July 18, 2014

PAUL S. GREWAL
United States Magistrate Judge

---

[27] *Id.* at 196.

Defendants, in their memoranda and at oral hearing, made much of the fact that this action involves only two plaintiffs who seek redress for a single instance of alleged racial discrimination in the procurement of homeowners insurance. They stress that the plaintiffs seek to discover information that is not confined to the time, locale or individuals herein involved. Basically, they contend that since this is not a pattern of practice case, class action-type discovery should not be allowed in this suit brought by private litigants for a single occurrence. Having reviewed the arguments and authorities of the parties, the Court finds no merit to this objection.

[28] *See id.* at 196-97 ("The foregoing authorities lead the Court to conclude that plaintiffs are entitled to the broad discovery sought, not only to information concerning their particular claim, but also to information that may lead them to evidence of a pattern of conduct."); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 804-05 (1973) (evidence that may be relevant to proving discrimination in an individual, non-class suit includes facts regarding the employer's "general policy and practice with respect to minority employment"); *Lineen v. Metcalf & Eddy, Inc.*, Case No. 96-cv-2718-HB-MHD, 1997 WL 73763 (S.D.N.Y. Feb. 21, 1997) ("The fact that plaintiff is an individual alleging disparate treatment does not justify denial of access to information that may reflect patterns of discrimination. Both anecdotal and statistical evidence may be probative in this type of lawsuit.").

[29] To address the privacy interests of third parties raised by Travelers, Travelers may produce this information subject to the protective order in this case.

6
Case No. 5:13-cv-02390-LHK-PSG
ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL