UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| LINCOLN JONES, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA,<br><br>Defendant. | Case No.:13-CV-02390-LHK<br><br>**ORDER DENYING MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 134, 139 |

Before the court are two administrative motions to seal expert reports filed in conjunction with Plaintiff's motion to strike. *See* ECF Nos. 134 & 139.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming this presumption with "compelling reasons supported by specific factual findings" that outweigh the general history of access and the public policies favoring disclosure.

1

*Kamakana*, 447 F.3d at 1178-79. Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598).

Meanwhile, records attached to nondispositive motions are not subject to the strong presumption of access. *See Kamakana*, 447 F.3d at 1179. Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure. *Id.* at 1179-80 (internal quotation marks omitted). The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) (internal quotation marks omitted); *see* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). In general, motions to strike are treated as non-dispositive. *ASUS Computer Int'l v. Round Rock Research, LLC*, No. 12-CV-02099 JST (NC), 2014 WL 2810193, at *2 (N.D. Cal. June 20, 2014) (citing *Guzik Technical Enters, Inc. v. W. Digital Corp.*, 2013 WL 6070414 (N.D. Cal. Nov. 18, 2013)).

Pursuant to Rule 26(c), a trial court has broad discretion to permit sealing of court documents for, *inter alia*, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting Restatement (First) of Torts § 757 cmt. b). "Generally [a trade secret] relates to the production of goods. . . . It may, however, relate to the sale of goods or to other operations in the

2

business. . . ." *Id.* (ellipses in original). In addition, the Supreme Court has recognized that sealing may be justified to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.* Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" and that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." *Id.* R. 79-5(d)(1). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." *Id.* R. 79-5(e)(1).

With these standards in mind, the Court rules on the instant motions as follows:

| **Motion** | **ECF No.** | **Document** | **Ruling** |
|---|---|---|---|
| 134 | 134-3 | Expert Reports of Joel Chansky, John Costigan, and Scott Harrington | DENIED without prejudice. The request to seal is overbroad because it seeks to seal non-sealable material, including material disclosed in the motion to strike. *See, e.g.*, ECF No. 133, at 7:20-:25. The designating party may submit a renewed request to seal that is narrowly tailored to seek sealing only of material that is sealable. *See* Civil L. R. 79-5(b). |
| 139 | 139-3 | Exhibit D to Frankel Declaration in Support of Opposition to Motion to Strike | DENIED without prejudice. The request to seal is overbroad because it seeks to seal non-sealable material, including material disclosed in the motion to |

3

United States District Court
Northern District of California

| | | | strike. *See, e.g.*, ECF No. 133, at 7:20-:25. The designating party may submit a renewed request to seal that is narrowly tailored to seek sealing only of material that is sealable. *See* Civil L. R. 79-5(b). |

**IT IS SO ORDERED.**

Dated: February 5, 2015

_____
LUCY H. KOH
United States District Judge

4

Case No.: 13-CV-02390-LHK
ORDER DENYING MOTIONS TO SEAL