# EXHIBIT 7

BRYAN LEWIS, OCTOBER 15, 2014

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

LINCOLN JONES, JR. AND MUYESSER )
NILE JONES, INDIVIDUALLY AND    )
AS TRUSTEES OF THE LINCOLN AND  )
M. NILE JONES REVOCABLE TRUST;  )
AND PROJECT SENTINEL, INC.,     )
                                )
          Plaintiffs,           )
                                )
                                ) CASE NO.
     VS.                        )  5:13-cv-02390-LHK
                                )
                                )
TRAVELERS CASUALTY INSURANCE    )
COMPANY OF AMERICA,             )
                                )
          Defendant.            )
_____)

          DEPOSITION OF BRYAN LEWIS, taken on behalf

     of the Plaintiffs, at 301 North

     Lake Avenue, Suite 150, Pasadena,

     California, commencing at 10:05 A.M.,

     Wednesday, October 15, 2014, before BARBARA

     A. STAUFFER, C.S.R. No. 12282, pursuant to

     Subpoena.

                    ***

BRYAN LEWIS, OCTOBER 15, 2014

| | | |
|---|---|---|
| 10:06:19 | 1 | MR. ALEXANDER:  Good morning.  Grant |
| 10:06:20 | 2 | Alexander, DLA Piper, representing the witness. |
| 10:06:24 | 3 | THE WITNESS:  Bryan Lewis, the witness. |
| 10:06:28 | 4 | THE VIDEOGRAPHER:  Your court reporter is |
| 10:06:28 | 5 | Barbara Stauffer.  And she will now swear in the |
| 10:06:31 | 6 | witness. |
| 10:06:42 | 7 | THE REPORTER:  Please raise your right hand. |
| 10:06:42 | 8 | Do you state under penalty of perjury that the |
| 10:06:42 | 9 | testimony you give in this deposition will be the truth, |
| 10:06:42 | 10 | the whole truth, and nothing but the truth? |
| 10:06:42 | 11 | THE WITNESS:  Yes. |
| 10:06:42 | 12 | |
| 10:06:42 | 13 | EXAMINATION |
| 10:06:42 | 14 | BY MR. BRANCART: |
| 10:06:42 | 15 | Q    Good morning. |
| 10:06:43 | 16 | A    Morning. |
| 10:06:44 | 17 | Q    Would you please state your full name and |
| 10:06:46 | 18 | spell it. |
| 10:06:47 | 19 | A    Yes.  Bryan Dean Lewis.  That's B-r-y-a-n; |
| 10:06:50 | 20 | Dean, D-e-a-n; Lewis, L-e-w-i-s. |
| 10:06:55 | 21 | Q    Mr. Lewis, while you were employed by |
| 10:06:58 | 22 | Travelers, did you go by any other first names, |
| 10:07:02 | 23 | nicknames, or common names? |
| 10:07:04 | 24 | A    No. |
| 10:07:07 | 25 | Q    Would you state your current business address? |

13:34:16  1    testimony.

13:34:20  2           THE WITNESS:  Yes.

13:34:21  3    BY MR. BRANCART:

13:34:21  4       Q    Did you ever receive any direction from

13:34:23  5    anybody at Travelers that there were other programs or

13:34:26  6    types of housing that fit within the definition of

13:34:30  7    either subsidized or government funded or public housing

13:34:34  8    complexes in addition to or other than Section 8?

13:34:37  9           MR. ALEXANDER:  Compound.

13:34:38 10           THE WITNESS:  No.

13:34:47 11    BY MR. BRANCART:

13:34:47 12       Q    Did you -- you -- at some point in time,

13:34:57 13    you -- strike that.

13:35:01 14           While you were a Managing Underwriting

13:35:08 15    Director, did you utilize the percentage criteria that

13:35:15 16    you've identified in underwriting apartment complexes

13:35:20 17    that had Section 8?

13:35:24 18           MR. ALEXANDER:  Vague and ambiguous.

13:35:25 19           THE WITNESS:  It would be a referral to me.

13:35:28 20    We certainly wrote accounts with more than 25 percent.

13:35:32 21           MR. BRANCART:  Okay.

13:35:35 22       Q    While you were a MUD, a Managing Underwriting

13:35:41 23    Director, did Account Executives have discretion to go

13:35:46 24    up to 25 percent Section 8 within an apartment building

13:35:52 25    and write an Apartment Pac policy?

| | | |
|---|---|---|
| 13:37:30 | 1 | A    Correct. |
| 13:37:31 | 2 | Q    Under 25 percent, the operating rule within |
| 13:37:37 | 3 | California was they could be written at the discretion |
| 13:37:41 | 4 | of the Account Executive? |
| 13:37:44 | 5 | A    Yeah. |
| 13:37:45 | 6 | MR. ALEXANDER:  Vague as to time. |
| 13:37:47 | 7 | MR. BRANCART:  Go ahead. |
| 13:37:48 | 8 | THE WITNESS:  Yes. |
| 13:37:49 | 9 | BY MR. BRANCART: |
| 13:37:49 | 10 | Q    Okay.  The 25 percent -- I'm going to call it |
| 13:37:58 | 11 | rule or guideline. |
| 13:37:59 | 12 | A    Yeah. |
| 13:37:59 | 13 | Q    We'll call it a guideline -- the 25 percent |
| 13:38:04 | 14 | guideline.  Was that -- as you described it, was that in |
| 13:38:06 | 15 | place when you were a MUD? |
| 13:38:09 | 16 | A    Yes. |
| 13:38:10 | 17 | Q    Okay.  Was that in place while you were a RUD? |
| 13:38:15 | 18 | A    A RUD?  Yes. |
| 13:38:16 | 19 | Q    If the risk or the account exceeded 25 percent |
| 13:38:22 | 20 | while you were a MUD, what was your understanding as to |
| 13:38:27 | 21 | what was to happen?  What was the Account Executive to |
| 13:38:31 | 22 | do? |
| 13:38:32 | 23 | A    In my role, they would just come into my |
| 13:38:35 | 24 | office, and we'd look at the account.  And, again, it |
| 13:38:38 | 25 | was our way to monitor our growth.  We experienced rapid |

1

2

3

4                     WITNESS'S CERTIFICATE

5

6

7

8           I am the witness in the foregoing

9    deposition.  I have read the foregoing deposition, and

10   having made such changes and corrections as I desire, I

11   certify that the same is true of my own knowledge,

12   except as to those matters which are therein stated upon

13   my information or belief, and as to those matters, I

14   believe it to be true.

15           I declare under penalty of perjury under

16   the laws of the State of California that the foregoing

17   is true and correct.

18           Executed on _____,

19   at _____.

20

21

22                          _____
                                  BRYAN DEAN LEWIS
23

24

25

```
 1    STATE OF CALIFORNIA      )

 2    COUNTY OF LOS ANGELES    )  ss.

 3

 4            I, BARBARA A. STAUFFER, CSR NO. 12282, in and

 5    for the State of California, do hereby certify:

 6            That prior to being examined, the witness

 7    named in the foregoing deposition was by me duly sworn

 8    to testify the truth, the whole truth, and nothing but

 9    the truth;

10            That said deposition were taken down by me in

11    shorthand at the time and place therein named and

12    thereafter reduced to typewriting under my direction,

13    and the same is a true, correct, and complete transcript

14    of said proceedings;

15            That if the foregoing pertains to the original

16    transcript of a deposition in a Federal Case, before

17    completion of the proceedings, review of the transcript

18    { } was {   } was not required.

19            I further certify that I am not interested

20    in the event of the action.

21            Witness my hand this ____ day of _____,

22    2014.

23                        _____

                                Certified Shorthand Reporter
24                               for the State of California

25
```