UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LINCOLN JONES, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA,<br><br>        Defendant. | Case No.  13-CV-02390-LHK<br><br>**ORDER GRANTING AMENDED ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Re: Dkt. No. 226 |

Previously before the Court were three administrative sealing motions (ECF Nos. 153, 172, and 194) filed in connection with Defendant's Motion for Summary Judgment (ECF No. 154), Plaintiffs' Opposition thereto (ECF No. 172-6), and Defendant's Reply (ECF No. 195).  On May 8, 2015, this Court granted-in-part and denied-in-part these sealing motions, and for the motions denied without prejudice, allowed the parties to file renewed motions to seal consistent with the Court's Order within seven days.  ECF No. 213.

On May 15, 2015, Plaintiffs filed an amended administrative motion to file under seal. ECF No. 226.  This motion seeks to seal narrower portions of certain documents, consistent with the Court's May 8 Order.  *Id.*  In support of this motion, Defendant and the California Department of Insurance filed declarations explaining why the redacted portions of these documents should be

1
Case No. 13-CV-02390-LHK
ORDER RE: AMENDED ADMINISTRATIVE MOTION TO FILE UNDER SEAL

filed under seal. *See* ECF No. 220, 227, and 228.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Accordingly, when considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.* (internal quotation marks omitted).

Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons supported by specific factual findings" that outweigh the general history of access and the public policies favoring disclosure. *Kamakana*, 447 F.3d at 1178-79. Compelling reasons justifying the sealing of court records generally exist "when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secret." *Id.* at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* Dispositive motions include "motions for summary judgment." *Id.*

In addition, parties moving to seal documents must comply with the procedures established by Civil Local Rule 79-5. Pursuant to that rule, a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civ. L. R. 79-5(b). "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." *Id.* Civil Local Rule 79-5(d), moreover, requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" and that "lists in table format each document or portion thereof that is sought to be sealed," as well as an "unredacted version of the document" that "indicate[s], by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." *Id.* R. 79-5(d)(1). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a

2

Case No. 13-CV-02390-LHK
ORDER RE: AMENDED ADMINISTRATIVE MOTION TO FILE UNDER SEAL

declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." *Id.* R. 79-5(e)(1).

With these standards in mind, and based upon the submissions of the parties, the Court hereby GRANTS Plaintiffs' Amended Administrative Motion to File Under Seal.

**IT IS SO ORDERED.**

Dated: May 27, 2015

*Lucy H. Koh*
LUCY H. KOH
United States District Judge

3
Case No. 13-CV-02390-LHK
ORDER RE: AMENDED ADMINISTRATIVE MOTION TO FILE UNDER SEAL